UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

08 CV 03143

------------------------------------------------------------- x

OUIDA KING

                      Plaintiff,

-against-

DEPARTMENT OF CORRECTIONAL SERVICES COMMISSIONER GLENN GOORDE, DEPARTMENT OF CORRECTIONAL SERVICES COMMISSIONER BRIAN FISHER, DEPARTMENT OF CORRECTIONAL SERVICES CHIEF MEDICAL OFFICER LESTER N. WRIGHT, SUPERINTENDENT OF BEACON, GAIL S. THOMAS, SUPERINTENDENT OF BEDFORD HILLS, ADA PEREZ, DR. JONATHON HOLDER, DR. JACQUELINE DUNBAR, NURSE BARBARA FERCO, "JOHN DOE" MEDICAL PROVIDERS #1-5 AT BEACON, "JOHN DOE" MEDICAL PROVIDERS #1-5 AT BEDFORD HILLS, PUTNAM HOSPITAL CENTER, GAIL MURPHY, RPA-C, "JOHN DOE" 1-5 AT PUTNAM HOSPITAL,

COMPLAINT
JURY DEMAND



RECEIVED
MAR 27 2008
U.S.D.C. S.D N.Y.
CASHIERS

ECF CASE

------------------------------------------------------------- x

## PRELIMINARY STATEMENT

1. This is a civil rights action in which plaintiff seeks relief for the violation of her rights secured by 42 USC §§1983, 1988 and Fourth, Eighth and Fourteenth Amendments and the laws and Constitution of the State of New York.

2. The claim arises from defendants' repeated denials of proper medical treatment for plaintiff's serious injury to her ankle. Because of defendants' repeated indifference to plaintiff's requests, beginning November 7, 2007, plaintiff suffered serious physical consequences and more invasive treatment. During this period, defendants, acting under color of state law, were deliberately indifferent to plaintiff's serious medical needs, of which they were made aware.

3. Plaintiff seeks monetary damages (special, compensatory, and punitive) against defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION

4. This action is brought pursuant to 28 USC §1331 and 42 USC §1983. Pendent party jurisdiction and supplementary jurisdiction over plaintiffs' state law claims are asserted.

5. The amount in controversy exceeds $75,000.00 excluding interest and costs

6. Venue is laid within the United States District Court for the Southern District of New York in that Defendants from Beacon and Bedford Hills New York State Correctional Facilities and Putnam Hospital Center are located within and a substantial part of the events giving rise to the claim occurred within the boundaries of the Southern District of New York.

## PARTIES

7. Plaintiff is a citizen of the United States and at all times here relevant, resided in Westchester County, State of New York. She was a sentenced inmate at the time of the incident in the custody of the New York State Department of Correctional Services ("DOCS") and was being held at Beacon Correctional Facility in Beacon, New York, which is located in Dutchess County. She was released from DOCS custody on February 19, 2008.

8. Defendant Glenn Goorde ("Goorde") was, until March 12, 2007, the Commissioner of DOCS, and, as such, was a policy maker with respect to choosing which healthcare professionals to service the jails and other facilities in DOCS. On information and belief, former Commissioner Goorde was responsible for the policy, practice, supervision, implementation, and conduct of all DOCS matters, including supervision over the performance by healthcare providers, including the defendants here referenced. As Commissioner, Goorde was provided

2

with reports of the medical care provided to inmates by the healthcare providers. Defendant Goorde is sued in his individual capacity.

9. Defendant Brian Fisher ("Fisher") was, as of March 12, 2007, the Commissioner of DOCS, and, as such, was a policy maker with respect to choosing which healthcare professionals to service the jails and other facilities in DOCS. On information and belief, Commissioner Fisher was responsible for the policy, practice, supervision, implementation, and conduct of all D.O.C.S. matters, including supervision over the performance by healthcare providers, including the defendants here referenced. Commissioner Fisher is also responsible for the care, custody, and control of all inmates housed in the D.O.C.S. jails. As Commissioner, Fisher was provided with reports of the medical care provided to inmates by the healthcare providers. Defendant Brian Fisher is sued in his individual capacity.

10. DOCS Chief Medical Officer and Deputy Commissioner of Health Services Lester N. Wright ("Wright"), was at all times here relevant, employed by DOCS and, as such, was a policy maker with respect to medical treatment for inmates. Defendant Lester Wright is sued in his individual capacity.

11. DOCS Superintendent Gail S. Thomas ("Thomas") was at all times here relevant the Superintendent of Beacon Correctional Facility ("Beacon"), and as such was the supervisor of defendants Dr. Holder, Dr. Dunbar, Nurse Ferco and "John Doe" medical providers. Thomas was also responsible for overseeing and implementing emergency health services protocols at Beacon. Thomas is sued in her individual capacity.

12. DOCS Superintendent Ada Perez ("Perez") was at all times here relevant the Superintendent of Bedford Hills Correctional Facility ("Bedford Hills") and as such was the supervisor of defendants Dr. Holder and "John Doe" medical providers. Perez was also

3

responsible for overseeing and implementing health services protocols at Bedford Hills. Perez is sued in her individual capacity.

13. The State of New York delegates to the Division of Health ("DOH") the responsibility of providing medical care for prisoners.

14. Dr. Jonathon Holder ("Holder") was, at all times here relevant, a consultant with the DOCS and DOH and provided medical care as an orthopedic consultant for Fishkill[1] and Bedford Hills Correctional Facilities ("Fishkill" and "Bedford Hills", respectively). Defendant Dr. Holder is sued in his individual capacity.

15. Dr. Jacqueline Dunbar ("Dunbar") was, at all times here relevant, a physician with DOCS and DOH and provided medical care at Beacon Correctional Facility ("Beacon"). Defendant Dr. Dunbar is sued in her individual capacity.

16. Nurse Barbara Ferco ("Ferco") was at all times here relevant a nurse with DOCS and DOH who worked in the clinic at Beacon. Defendant Nurse Ferco is sued in her individual capacity.

17. Gail Murphy, RPA-C, ("Murphy") was at all times here relevant a doctor working at Putnam Hospital Center and treated plaintiff on November 22, 2006. Defendant Murphy is sued in her individual capacity.

18. All other individual defendants ("defendant John Doe medical providers") are employees of D.O.H. and are sued in their individual capacities.

19. At all times defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of New York.

---

[1] Plaintiff, while an inmate at Beacon Correctional Facility, had her appointments with Dr. Holder at Fishkill Correctional Facility, which is a men's medium correctional facility adjacent to Beacon CF.

4

## NOTICE OF INTENT TO SUE

20. Within 90 days of the events giving rise to this claim, plaintiff filed written notice of intent to sue with the New York Attorney General's office. Over 30 days have elapsed since the filing of that notice, and this matter has not been settled or otherwise disposed of.

## CERTIFICATE OF MERIT

21. Pursuant to CPLR §3012-a, a Certificate of Merit is attached, affirming that plaintiff has attempted to consult with three separate doctors in good faith, however, none of those contacted would agree to such consultation.

## JOINT LIABILITY

22. This action falls within one or more of the exceptions set forth in CPLR §1602.

## EXHAUSTIAN OF REMEDIES

23. Plaintiff filed a complaint with the Inmate Grievance Review Committee on November 27, 2006 at Beacon.

24. Plaintiff's grievance was denied by Acting Superintendent C. Papo on March 5, 2007 at Bedford Hills.

25. Plaintiff appealed the superintendent's decision on March 8, 2007 at Bedford Hills.

26. Inmate Grievance Program Central Office Review Committee upheld the Superintendent's decision on September 19, 2007.

## FACTUAL ALLEGATIONS

27. On or about November 7, 2006, while plaintiff, Ms. Ouida King ("Ms. King") was incarcerated in Beacon in Dutchess County, New York, Ms. King injured her ankle while performing work duties outside.

#### Defendants Dunbar, Ferco and John Doe Medical Providers at Beacon Failed to Properly Evaluate Ms. King's Ankle

28. Ms. King repeatedly asked for medical attention for her ankle. Specifically, Ms. King sat in the infirmary every weekday after November 7 and showed defendants Dunbar, Ferco and "John Doe" medical providers #1-5 at Beacon Correctional Facility the swollen and discolored ankle and requested x-rays.

29. Ms. King's serious medical injury prevented her from engaging in her normal daily activities, such as work, and she used a cane to help her bear weight.

30. Ms. King was forced to walk long distances several times a day, with only a cane to help her ambulate.

31. Defendants Dunbar, Ferco and "John Doe" medical providers #1-5 at Beacon Correctional Facility were aware of Ms. King's serious medical injury based on her daily complaints and the obviously discolored and swollen ankle.

32. Defendants Dunbar, Ferco and "John Doe" medical providers #1-5 at Beacon were deliberately indifferent in consciously and repeatedly disregarding Ms. King's serious medical needs by repeatedly refusing to x-ray her ankle or take other appropriate action.

33. Defendants Dunbar, Ferco and "John Doe" medical providers #1-5 at Beacon did not examine Ms. King with x-rays until November 22, 2006, fifteen days after the injury.

34. The November 22, 2006 x-ray showed a spiral fracture to Ms. King's left fibula.

#### Defendant Murphy Failed to Properly Treat Ms. King's Ankle

35. Ms. King was then transported to Putnam Hospital Center, where she was diagnosed with a left ankle fracture.

36. Gail Murphy, RPA-C, at Putnam Hospital Center, examined and discharged Ms. King on November 22, 2006, without setting the ankle fracture.

## Defendants Dunbar, Ferco and "John Doe" medical providers #1-5 at Beacon and Defendant Holder Failed to Properly Treat Ms. King's Ankle

37. Defendants Dunbar, Ferco and "John Doe" medical providers #1-5 at Beacon were deliberately indifferent in failing to immediately locate an orthopedic consultant to set and cast Ms. King's ankle.

38. Ms. King's ankle fracture was never set or placed in a hard cast.

39. On November 28, 2007, Ms. King was finally examined by orthopedic consultant Dr. Holder at Fishkill.

40. Defendant Holder was aware that Ms. King's ankle was fractured but failed to take appropriate action.

41. On January 4, 2007 Ms. King was seen again by orthopedic consultant Dr. Jonathon Holder at Bedford Hills, where Ms. King had been transferred for hospitalization.

42. Without first examining the ankle with an xray to confirm that it had healed, Dr. Holder ordered Ms. King to discontinue her use of crutches and begin physical therapy to rehabilitate the ankle.

43. Defendant Dr. Holder was deliberately indifferent to Ms. King's serious medical injury when he failed to properly address and treat her ankle.

44. On January 12, 2007, Ms. King's ankle was x-rayed and the report showed that her ankle had still not completed healing.

45. On January 25, 2007, again, Dr. Holder remarked that Ms. King's ankle was "well-healed" and discontinued her brace, use of crutches, and put her on a cane and ordered physical therapy.

46. Another x-ray on January 30, 2007 showed that Ms. King's ankle continued to

demonstrate that "fracture line is still visible, suggesting fracture is not completely healed."

47. Ms. King continued to experience pain, swelling, and discomfort in the months following her ankle injury.

48. Defendant Holder and "John Doe" medical providers #1-5 at Bedford Hills were aware of Ms. King's continued pain, swelling, and discomfort in her ankle in the months following her ankle injury.

<u>Defendants "John Doe" medical providers #1-5 at Bedford Hills and Defendant Holder Failed to Properly Continue Treating Ms. King's Ankle by Denying her Needed Physical Therapy</u>

49. Ms. King attended some physical therapy sessions for her ankle, but defendants "John Doe" medical providers #1-5 at Bedford Hills denied her request for continued therapy on May 8, 2007.

50. Defendant medical providers #1-5 at Bedford Hills and Dr. Holder were deliberately indifferent in denying Ms. King necessary physical therapy.

51. On June 7, 2007, Dr. Holder referred Ms. King to more physical therapy and for an MRI and diagnosed her with post fracture residual inflammation of ankle tendon.

52. Defendant medical providers #1-5 at Bedford Hills never conducted an MRI of Ms. King's ankle.

53. Defendant medical providers #1-5 at Bedford Hills were deliberately indifferent in failing to conduct an MRI of Ms. King's ankle.

54. On September 10, 2007, Ms. King was diagnosed with left tarsal tunnel syndrome secondary to trauma.

55. On September 28, 2007, Ms. King was still limited in lifting, pushing, pulling, standing for long periods, working with machines, climbing ladders, lifting over 15 pounds, window washing, mopping, scrubbing, buffing or snow blowing. She still required a cane to ambulate

8

and wore an aircast on her left ankle.

56. Ms. King continues to experience pain, swelling, discoloration and discomfort in her left ankle, for which she continues to ambulate with a cane.

57. As a direct result of not receiving the evaluation or treatment, Ms. King suffered continuous swelling, pain and immobility, for which she has required continuous and more invasive treatment.

58. During all of the events above described, defendants acted with deliberate indifference towards Ms. King's serious medical needs in denying her medical attention.

59. During all of the events above described, defendants had knowledge of Ms. King's serious medical needs.

60. During all of the events above described, defendants' actions deviated from the reasonable standard of care for the medical community.

## DAMAGES

61. As a direct and proximate result of defendants' actions, plaintiff suffered the following injuries and damages:

   a. Violation of her right to Due Process of Law under the Fourteenth Amendment to the United States Constitution;

   b. Violation of her rights under the Eighth Amendment to the United States Constitution to be free from cruel and unusual punishment;

   c. Violation of her New York State Constitutional right under Article 1, Section 6 to Due Process of Law;

   d. Violation of her New York State Constitutional rights under Article 1, Section 12;

   e. Violation of her New York State Constitutional right under Article 1, Section 5 to

be free of Cruel and Unusual Punishment;

f. Physical pain and suffering;

g. Emotional trauma and suffering, including fear, emotional distress, frustration, extreme inconvenience, and anxiety.

## FIRST CAUSE OF ACTION
### (42 USC § 1983)

62. The above paragraphs are here incorporated by reference.

63. Defendants Dunbar, Ferco, Holder, "John Doe" medical providers #1-5 at Beacon and "John Doe" medical providers #1-5 at Bedford Hills, acted under color of law to deprive plaintiff of her civil, constitutional and statutory rights to due process of law pursuant to the Eighth and Fourteenth Amendments to the United States Constitution and are liable to plaintiff under 42 U.S.C. §1983 and §§ 5, 6 and 12 of the New York State Constitution.

64. Plaintiff has been damaged as a result of defendants' wrongful acts.

## SECOND CAUSE OF ACTION
### (DELIBERATE INDIFFERENCE TO SERIOUS MEDICAL NEEDS)

65. The above paragraphs are here incorporated by reference.

66. Defendants Dunbar, Ferco, Holder, "John Doe" medical providers #1-5 at Beacon and "John Doe" medical providers #1-5 at Bedford Hills, have acted under color of law to deprive plaintiff of her civil, constitutional and statutory rights to due process of law pursuant to the Eighth and Fourteenth Amendments of the United States Constitution and are liable to plaintiff under 42 USC §1983 and the New York State Constitution.

67. Defendants Dunbar, Ferco and "John Doe" medical providers #1-5 at Beacon knew plaintiff faced a substantial risk of serious harm when she repeatedly presented them with her swollen ankle.

68. Defendants Dunbar, Ferco, Holder and "John Doe" medical providers #1-5 at Beacon were deliberately indifferent when they repeatedly disregarded that risk by failing to x-ray and promptly treat plaintiff's ankle fracture.

69. Defendants' deliberate indifference continued when defendants repeatedly failed to adequately treat plaintiff's ankle fracture.

70. Defendants' deliberate indifference to plaintiff's medical condition caused plaintiff to sustain serious injuries, including swelling, pain, and immobility.

71. Defendants' deliberate indifference caused plaintiff's condition to degenerate, forcing plaintiff to undergo more invasive and continuing treatment as well as causing long-term damage.

72. Plaintiff was damaged by the deliberate indifference of the defendants.

## THIRD CAUSE OF ACTION
(MEDICAL MALPRACTICE)

73. Defendants Dunbar, Ferco, Holder, Murphy, Putnam Hospital Center, "John Doe" medical providers #1-5 at Putnam Hospital Center and "John Doe" medical providers #1-5 at Beacon and "John Doe" medical providers #1-5 Bedford Hills, agreed and undertook faithfully, skillfully, diligently and carefully, and in accordance with approved and accepted standards of practices, procedures and techniques and the customs and common usages prevailing in hospitals and health treatment settings, to sell, furnish and supply proper, necessary and indicated care, treatment, attention and supervision to D.O.C.S. inmates, including Ms. King, and to sell, furnish, supply, provide and make available the necessary and indicated personnel and services here alleged.

74. Defendants agreed and undertook faithfully, skillfully, diligently and carefully, and in accordance with approved and accepted standards of practices, procedures and techniques and

the customs and common usages prevailing in hospitals and health treatment settings, to sell, furnish and supply proper, necessary and indicated care, treatment, attention and supervision to D.O.C.S. inmates, including Ms. King, and to sell, furnish, supply, provide and make available the necessary and indicated personnel and services here alleged.

75. Plaintiffs relied on the accreditation of defendants and the protection and safeguards afforded by them when admitted to Beacon and Bedford Hills.

76. Defendants owed Ms. King a duty of care to provide her with medical care in accordance with the accepted standards of care in the community and to use in their evaluation and care of Ms. King approved methods in general use, to use reasonable care and skill, and to use their best judgment in the evaluation and care of Ms. King.

77. Defendants and their agents, servants, partners and employees were negligent in the treatment, services and care rendered to and on behalf of Ms. King; in failing to use reasonable care in the services and care rendered to an on behalf of Ms. King; in failing to timely diagnose and treat Ms. King; in failing to prescribe proper medications; in failing to heed her condition; in failing to perform indicated procedures; in improperly performing indicated procedures; in failing to take a history and physical examination of Ms. King; in failing to properly and adequately document Ms. King's medical condition; in failing to administer indicated diagnostic tests; in failing to properly interpret diagnostic tests; in failing to perform indicated treatments; in improperly performing indicated treatments; in failing to properly diagnose the condition of Ms. King; in failing to initiate and administer adequate and proper follow-up care to Ms. King; in negligently departing from good and accepted medical practice and procedures then and there prevailing in services rendered to Ms. King; in failing to heed or appreciate the significance of the signs and symptoms exhibited by Ms. King; in improperly prescribing medication; in

improperly administering medication; in failing to timely refer Ms. King to specialists; in failing to properly treat Ms. King's condition; and in otherwise being negligent, careless, and reckless in the diagnosis and treatment of Ms. King.

78. The medical treatment rendered to Ms. King by defendants, their agents, servants, partners and employees was performed negligently and carelessly and was rendered in a manner which departed from the standard of good and accepted medical practice then and there prevailing, and constituted medical malpractice.

79. By reason of the above, Ms. King sustained great pain, agony, injury, suffering, disability, and hospitalization, as well as mental anguish and emotional distress, and was damaged in a sum which exceeds the jurisdictional limitations of all lower courts which would otherwise have jurisdiction.

## FOURTH CAUSE OF ACTION
### (CONSTITUTIONAL TORT)

80. All preceding paragraphs are here incorporated by reference.

81. Defendants Dunbar, Holder, Ferco, "John Doe" medical providers #1-5 at Beacon and "John Doe" medical providers #1-5 at Bedford Hills, acting under color of law, violated plaintiff's rights pursuant to §§5, 6 and 12 of the New York State Constitution.

82. A damages remedy here is necessary to effectuate the purposes of §§ 5, 6 and 12 of the New York State Constitution, and appropriate to ensure full realization of plaintiff's rights under those sections.

## FIFTH CAUSE OF ACTION
### (NEGLIGENCE)

83. All preceding paragraphs are here incorporated by reference.

84. Defendants had a duty to plaintiff to use reasonable care in promptly assessing and

13

providing her medical needs.

85. Defendants repeatedly breached that duty by failing to properly assess, prescribe, renew, and provide her necessary medical attention.

86. Defendants' failure to use reasonable care in assessing plaintiff's injury and providing her with medical treatment proximately caused plaintiff's swelling, pain, and immobility in her ankle, resulting in serious physical injury.

87. Plaintiff was seriously injured as a result of defendants' negligence.

### SIXTH CAUSE OF ACTION
(NEGLIGENT HIRING & RETENTION)

88. The above paragraphs are here incorporated by reference.

89. Defendants Dr. Holder, Dr. Dunbar and Nurse Ferco, had negligent dispositions and the DOH and DOCS knew or should have known of facts that would have led reasonable and prudent people to further investigate the defendants' negligent dispositions through the hiring process.

90. Defendants Wright, Goorde and Fisher knew or should have known that their failure to investigate defendants' negligent dispositions would lead to plaintiff's injury.

91. Defendants Wright, Goorde and Fisher were negligent in their hiring and retaining the medical providers involved in this case in that they knew or should have known of the defendants' propensity to act negligently.

92. Defendants Wright, Goorde and Fisher have deprived plaintiff of her civil, constitutional and statutory rights and have conspired to deprive her of such rights and are liable to plaintiff under common law, 42 USC §1983 and the New York State Constitution.

## SEVENTH CAUSE OF ACTION
### (NEGLIGENT RETENTION AND HIRING)

93. The above paragraphs are here incorporated by reference.

94. Defendant Dr. Murphy had a negligent disposition and Putnam Hospital Center knew or should have known of facts that would have led reasonable and prudent people to further investigate the defendant officers' negligent dispositions through the hiring process.

95. Defendant Putnam Hosptial Center knew or should have known that their failure to investigate defendant's negligent disposition would lead to plaintiff's injury.

96. Defendant Putnam Hospital Center was negligent in their hiring and retaining Dr. Murphy in that they knew or should have known of the defendant's propensity to act negligently.

97. Defendant Putnam Hospital Center have deprived plaintiff of her civil, constitutional and statutory rights and have conspired to deprive her of such rights and are liable to plaintiff under common law, 42 USC §1983 and the New York State Constitution.

WHEREFORE, plaintiff demands judgment against the defendants, jointly and severally, as follows:

 A. In favor of plaintiff in an amount to be determined by a jury for each of plaintiff's causes of action;

 B. Awarding plaintiff punitive damages in an amount to be determined by a jury;

 C. Awarding plaintiff reasonable attorneys' fees, costs and disbursements of this action; and

 D. Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

DATED:   Brooklyn, New York
         March 27, 2008

TO:

Department Of Correctional Services
Commissioner Glenn Goorde
NYS Department of Correctional Services
Building 2
1220 Washington Ave
Albany, New York 12226-2050

Department Of Correctional Services
Commissioner Brian Fisher
NYS Department of Correctional Services
Building 2
1220 Washington Ave
Albany, New York 12226-2050

Department Of Correctional Services Chief
Medical Officer Lester N. Wright,
NYS Department of Correctional Services
Building 2
1220 Washington Ave
Albany, New York 12226-2050

Department of Correctional Services
Superintendent Gail S. Thomas
Beacon Correctional Facility
50 Camp Beacon Rd
Beacon, New York 12508-0780

Superintendent Ada Perez
Bedford Hills Correctional Facility
247 Harris Road
Bedford Hills, New York 10507-2400

Dr. Jonathon Holder
170 Maple Avenue
White Plains, NY 10601

Yours, etc.,

*[signature]*

Cynthia Conti-Cook
Bar #CC0778
Attorney for Plaintiff
71 Nevins Street
Brooklyn, NY 11217
(718) 852-3710
cynthiaconticook@gmail.com

Dr. Jacqueline Dunbar,
786 Mamaroneck Avenue
White Plains, NY 10605

Nurse Barbara Ferco
Beacon Correctional Facility
50 Camp Beacon Rd
Beacon, New York 12508-0780

Putnam Hospital Center
670 Stoneleigh Avenue
Carmel, NY 10512

Gail Murphy, RPA-C
Putnam Hospital Center
670 Stoneleigh Avenue
Carmel, NY 10512

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- x

OUIDA KING

                                          Plaintiff,    **CERTIFICATE OF MERIT**

          -against-

DEPARTMENT OF CORRECTIONAL SERVICES COMMISSIONER GLENN GOORDE, DEPARTMENT OF CORRECTIONAL SERVICES COMMISSIONER BRIAN FISHER, DEPARTMENT OF CORRECTIONAL SERVICES CHIEF MEDICAL OFFICER LESTER N. WRIGHT, DR. JONATHON HOLDER, DR. JACQUELINE DUNBAR, NURSE BARBARA FERCO, "JOHN DOE" DEPARTMENT OF HEALTH EMPLOYEES, PUTNAM HOSPITAL CENTER, GAIL MURPHY, RPA-C,

                                          Defendants.

Docket #

-------------------------------------------------------------------- x

I, Cynthia Conti-Cook, plaintiff's attorney in this action, have attempted to consult with at least three separate doctors in good faith, however, none of those contacted would agree to such consultation based on record review without a patient evaluation. Plaintiff was only recently released from DOCS custody. Plaintiff will file a Certificate within 90 days of the service of the complaint.

Pursuant to CPLR 3012-a, I affirm this Certificate of Merit under penalties of perjury.

March 27, 2008

*[signature]*

Cynthia Conti Cook, CC0778
Stoll, Glickman & Bellina, LLP
71 Nevins Street
Brooklyn NY 11217
P. 718 852-3710
F. 718 852-3586
cconti-cook@stollglickman.com
www.stollglickman.com