UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
OUIDA KING,

                        Plaintiff,

   -against-

DEPARTMENT OF CORRECTIONAL
SERVICES COMMISSIONER GLENN
GOORDE, DEPARTMENT OF
CORRECTIONAL SERVICES COMMISSIONER
BRIAN FISHER, DEPARTMENT OF
CORRECTIONAL SERVIES CHIEF MEDICAL
OFFICER LESTER N. WRIGHT,
SUPERINTENDENT OF BEACON, GAIL S.
THOMAS, SUPERINTENDENT OF BEDFORD
HILLS, ADA PEREZ, DR. JONATHAN
HOLDER, DR. JACQUELINE DUNBAR, NURSE
BARBARA FERCO, "JOHN DOE" MEDICAL
PROVIDERS #1-5 AT BEACON, "JOHN DOE"
MEDICAL PROVIDERS #1-5 AT BEDFORD
HILLS, PUTNAM HOSPITAL CENTER, GAIL
MURPHY, RPA-C, "JOHN DOE" #1-5 AT
PUTNAM HOSPITAL,

                        Defendant(s).

--------------------------------------------------------------x

08 CV 03143

### ***ANSWER TO COMPLAINT***

Designation of Trial Counsel:
Robert D. Ryan

      Defendant, **PUTNAM HOSPITAL CENTER** by its attorneys, ***RENDE, RYAN & DOWNES, LLP,*** answering the Complaint of the plaintiff herein:

### ***PRELIMINARY STATEMENT***

    1.      Denies each and every allegation contained in the paragraph designated "2" thereof.

    2.      Denies knowledge or information sufficient to form a belief as to the allegations contained in the paragraphs designated "1" and "3" thereof.

## *JURISDICTION*

3.    Denies each and every allegation contained in the paragraphs designated "5" thereof.

4.    Denies knowledge or information sufficient to form a belief as to the allegations contained in the paragraphs designated "4" and "6" thereof.

## *PARTIES*

5.    Denies knowledge or information sufficient to form a belief as to the allegations contained in the paragraphs designated "7", "8", "9", "10", "11", "12", "13", "14", "15", "16" and "18" thereof.

6.    Denies each and every allegation contained in paragraphs designated "17" and "19" thereof.

## *NOTICE OF INTENT TO SUE*

7.    Denies knowledge or information sufficient to form a belief as to the allegations contained in the paragraph "20" thereof.

## *CERTIFICATE OF MERIT*

8.    Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "21" thereof.

## *JOINT LIABILITY*

9.    Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "22" thereof.

## *EXHAUSTION OF REMEDIES*

10.    Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraphs "23", "24", "25" and "26" thereof.

### *FACTUAL ALLEGATIONS*

11.    Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "27" thereof.

## *DEFENDANTS DUNBAR, FERCO AND JOHN DOE MEDICAL PROVIDERS AT BEACON FAILED TO PROPERLY EVALUATE MS. KING'S ANKLE*

12.    Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraphs "28", "29", "30", "31", "32" and "33" thereof.

13.    Denies each and every allegation contained in paragraph designated "34" thereof.

## *DEFENDANT MURPHY FAILED TO PROPERLY TREAT MS. KING'S ANKLE*

14.    Denies knowledge or information sufficient to form a belief as to the allegations contained in the paragraphs designated "35" and "36" thereof.

## *DEFENDANTS DUNBAR, FERCO AND "JOHN DOE" MEDICAL PROVIDERS #1-5 AT BEACON AND DEFENDANT HOLDER FAILED TO PROPERLY TREAT MS. KING'S ANKLE*

15.    Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraphs "37, "38", "39", "40", "41", "42", "43", "44", "45", "46", "47" and "48" thereof.

## *DEFENDANTS "JOHN DOE" MEDICAL PROVIDERS #1-5 AND DEFENDANT HOLDER FAILED TO PROPERLY CONTINUE TREATING MS. KING'S ANKLE BY DENYING HER NEEDED PHYSICAL THERAPY*

16.    Denies knowledge or information sufficient to form a belief as to the allegations contained in the paragraphs designated "49", "50", "51", "52", "53", "54" and "55" thereof.

17.    Denies each and every allegation contained in paragraphs designated "56", "57",

"58", "59" and "60" thereof.

## *DAMAGES*

18.    Denies each and every allegation contained in paragraph designated "61" thereof.

### *FIRST CAUSE OF ACTION*

19.    Defendant repeats, reiterates and realleges each and every denial to the allegations contained in the paragraphs designated "1" through "61" insofar as said allegations are repeated, reiterated and realleged in paragraph "62" thereof.

20.    Denies knowledge or information sufficient to form a belief as to the allegations contained paragraph "63" thereof.

21.    Denies each and every allegation contained in paragraph designated "64" thereof.

### *SECOND CAUSE OF ACTION*

22.    Defendant repeats, reiterates and realleges each and every denial to the allegations contained in the paragraphs designated "1" through "64" insofar as said allegations are repeated, reiterated and realleged in paragraph "65" thereof.

23.    Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraphs "66", "67", "68", "69", "70", "71" and "72" thereof.

### *THIRD CAUSE OF ACTION*

24.    Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraphs "73", "74" and "75" thereof.

25.    Denies knowledge or information sufficient to form a belief as to the allegations contained in the paragraph designated "76" thereof and respectfully refers all questions of law to the trial court.

26.    Denies each and every allegation contained in paragraphs designated "77", "78"

and "79" thereof.

### FOURTH CAUSE OF ACTION

27.    Defendant repeats, reiterates and realleges each and every denial to the allegations contained in the paragraphs designated "1" through "79" insofar as said allegations are repeated, reiterated and realleged in paragraph "80" thereof.

28.    Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraphs "81" and "82" thereof.

### FIFTH CAUSE OF ACTION

29.    Defendant repeats, reiterates and realleges each and every denial to the allegations contained in the paragraphs designated "1" through "82" insofar as said allegations are repeated, reiterated and realleged in paragraph "83" thereof.

30.    Denies knowledge or information sufficient to form a belief as to the allegations contained in the paragraph designated "84" thereof and respectfully refers all questions of law to the trial court.

31.    Denies each and every allegation contained in paragraphs designated "85", "86" and "87" thereof.

### SIXTH CAUSE OF ACTION

32.    Defendant repeats, reiterates and realleges each and every denial to the allegations contained in the paragraphs designated "1" through "87" insofar as said allegations are repeated, reiterated and realleged in paragraph "88" thereof.

33.    Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraphs "89", "90", "91" and "92" thereof.

### *SEVENTH CAUSE OF ACTION*

34.     Defendant repeats, reiterates and realleges each and every denial to the allegations contained in the paragraphs designated "1" through "92" insofar as said allegations are repeated, reiterated and realleged in paragraph "93" thereof.

35.     Denies each and every allegation contained in paragraphs designated "94", "95", "96" and "97" thereof.

### *AS AND FOR A FIRST AFFIRMATIVE DEFENSE*

36.     The equitable share of the liability of the answering defendant, if any, is less than or equal to fifty percent of the total liability of all persons liable, and as such the answering defendant's liability for non-economic loss is limited to its equitable share.

### *AS AND FOR A SECOND AFFIRMATIVE DEFENSE*

37.     In the event plaintiffs recover a verdict or judgment against the defendants, then such verdict or judgment must be reduced pursuant to CPLR 4545(c) by those amounts which have been or will, with reasonable certainty, replace or indemnify plaintiffs, in whole or in part, for any past or future claimed economic loss, from any collateral source.

### *AS AND FOR A THIRD AFFIRMATIVE DEFENSE*

38.     That the pleading of the third, fifth and seventh causes of action on behalf of the plaintiff fails to state a cause of action.

### *AS AND FOR A FOURTH AFFIRMATIVE DEFENSE*

39.     In accordance with Article 14A of the CPLR, this answering defendant reserves the

right to assert in mitigations of damages, the culpable conduct attributable to the plaintiff, if any shown upon the trial of this matter.

### *AS AND FOR A FIFTH AFFIRMATIVE DEFENSE*

40.    The complaint is defective due to plaintiff's failure to comply with New York Statute CPLR § 3012-a.

### *AS AND FOR A SIXTH AFFIRMATIVE DEFENSE*

41.    If the plaintiff was caused to sustain personal injuries and resulting damages at the time and place set forth in the plaintiff's Complaint and in the manner alleged therein through any carelessness, recklessness, acts, omissions, negligence and/or breaches of duty and/or warranty and/or contract other than of the plaintiff, then the said injuries and damages arose out of the several and joint carelessness, recklessness, acts, omissions, negligence and breaches of duty and/or obligation and/or statute, and/or warranty, and/or contract in fact or implied in law, upon the part of non-parties subject to in-personam jurisdiction, and if this pleading defendant is found negligent as to the plaintiff for the injuries and damages set forth in the plaintiff's Complaint, then and in that event, the relative responsibilities of said pleading defendant must be apportioned by the percentage liability of said non-parties subject to in-personam jurisdiction.

Answering defendant reserves the right to assert additional defense upon the discovery of facts not presently know.

**WHEREFORE**, the defendant, **PUTNAM HOSPITAL CENTER** demands judgment against the plaintiff as follows:

(a)    Dismissing the plaintiff's Complaint, together with the costs and disbursements of

this action;

(b)     in the alternative, and in the event that plaintiff prevails against defendant, then it is requested that the Court instruct the jury as to the apportionment of damages among any responsible tort feasors, including the plaintiff;

(c)     in the event plaintiff prevails, said defendant demands judgment reducing the amount of damages as against the defendant by the respective percentage of fault of the plaintiff, if any.

## *DESIGNATION OF TRIAL COUNSEL*

This Court is hereby advised that Robert D. Ryan is designated as Trial Counsel.

Dated:  May 9, 2008
White Plains, New York

Yours, etc.

RENDE, RYAN & DOWNES, LLP

By: _____
ROBERT D. RYAN  (RDR-0886)
Attorneys for Defendant
**PUTNAM HOSPITAL CENTER**
202 Mamaroneck Avenue
White Plains, NY  10601
Telephone (914) 681-0444

TO:
***STOLL, GLICKMAN & BELLINA, LLP***
Attorneys for Plaintiffs
71 Nevins Street
Brooklyn, New York 11217
(718) 852-3710