UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                :

OUIDA KING,                         :        ELECTRONICALLY FILED

                Plaintiff,      :

                         :        08-CV-03143 (DC)

        - against -         :

                         :

COMMISSIONER GLEN GOORDE, et al.,  :        **ANSWER TO COMPLAINT**

                         :

          Defendants.     :        ***JURY TRIAL DEMANDED***

------------------------------------------------------------x

Defendants Glen S. Goord, former New York State Department of Correctional Services ("DOCS") Commissioner, Brian Fischer, DOCS Commissioner, Dr. Lester N. Wright, DOCS Deputy Commissioner and Chief Medical Officer, Gail S. Thomas, Superintendent of Beacon Correctional Facility, Ada Perez, Superintendent of Bedford Hills Correctional Facility, Dr. Jonathan Holder, Dr. Jacqueline Dunbar, and Nurse Barbara Furco, in their individual capacities (hereinafter the "Defendants"), by way of answer to the allegations of the Complaint, aver as follows:[1]

### AS TO THE PRELIMINARY STATEMENT

1.      Defendants contend that no response is required. To the extent that one is required, Defendants admit the allegations in paragraph 1 of the Complaint to the extent that the Plaintiff's action arises under 42 U.S.C. § 1983, and purports to arise under 42 U.S.C. § 1988, and the Fourth, Eighth, and Fourteenth Amendments, and the laws and Constitution of New York State.

2.      Defendants deny the allegations contained in the first sentence of paragraph 2 of the

---

[1] Defendants, on an individual basis, answer allegations directed toward other individuals on the basis of information and belief. Defendants RPA-C Gail Murphy and Putnam Hospital Center have filed separate answers through their own counsel. References to "paragraph(s)" herein are to the numbered paragraphs of the Complaint. Defendants will refer to the correct spelling of former Commissioner Glen S. Goord, Commissioner Brian Fischer, Dr. Jonathan Holder, and Nurse Barbara Furco, rather than as they are spelled in the Complaint.

Complaint. With respect to the second sentence of paragraph 2 of the Complaint, to the extent that Plaintiff refers to her requests beginning on November 7, 2006, Defendants deny these allegations. Defendants deny the allegations contained in the third sentence of paragraph 2 of the Complaint.

3.     Defendants contend that no response is required. To the extent that one is required, Defendants admit that Plaintiff's Complaint seeks monetary damages, costs, fees, and other relief.

## AS TO JURISDICTION

4.     Defendants contend that no response is required. To the extent that one is required, Defendants admit the allegations in paragraph 4 of the Complaint to the extent that the Plaintiff's action arises under 42 U.S.C. § 1983, and that this Court has jurisdiction under 28 U.S.C. § 1331, except that, once federal constitutional claims are dismissed, the Court, under 28 U.S.C. § 1367(c)(3), has discretion to decline to exercise supplemental jurisdiction over any remaining state law claims.

5.     Defendants contend that no response is required. To the extent that one is required, Defendants admit that Plaintiff's Complaint claims that the amount in controversy exceeds $75,000.00 excluding interest and costs.

6.     Defendants contend that no response is required. To the extent that one is required, Defendants admit that venue is properly laid within the Southern District of New York.

## AS TO PARTIES

7.     Defendants lack knowledge or information sufficient to form a belief as to the assertions in the first sentence of paragraph 7 of the Complaint. Defendants admit the assertions in the second sentence of paragraph 7 of the Complaint to the extent that Plaintiff was an inmate at Beacon Correctional Facility at the time of the November 7, 2006 accident, and that she was released

2

from DOCS custody at Taconic Correctional Facility to parole on February 19, 2008.

8.     Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 8 of the Complaint, except to admit that defendant Goord retired as DOCS Commissioner on or about August 30, 2006.  Defendant Goord denies the allegation that there is jurisdiction for him to be sued in his individual capacity, in that he was retired from DOCS service at all relevant times in the Complaint.

9.     Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 9 of the Complaint, except to admit that defendant Fischer was appointed acting DOCS Commissioner on January 1, 2007, and was confirmed by the state Senate on March 12, 2007, and denies the allegations that he was responsible for detailed supervision over the performance of healthcare providers and that he was provided with detailed reports of the medical care provided to inmates by the healthcare providers.

10.     Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 10 of the Complaint, except to admit that defendant Wright was Deputy Commissioner and Chief Medical Officer for DOCS during the times relevant to the Complaint.

11.     Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 11 of the Complaint, except to admit that defendant Gail S. Thomas was Superintendent of Beacon Correctional Facility ("Beacon C.F.") during the times relevant to the Complaint.  Defendant Thomas denies that she supervised the medical work of defendants Dr. Holder and "John Doe" medical providers.

12.     Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 12 of the Complaint, except to admit that defendant Ada Perez was

Superintendent of Bedford Hills Correctional Facility ("Bedford Hills C.F.") during the times relevant to the Complaint. Defendant Perez denies that she supervised the medical work of defendants Dr. Holder and "John Doe" medical providers.

13.     As to the allegations in paragraph 13 of the Complaint, DOCS employs health care personnel within the correctional facilities and contracts with outside medical providers.

14.     Defendant Dr. Jonathan Holder admits the allegations in paragraph 14 of the Complaint.

15.     Defendant Dr. Jacqueline Dunbar admits the allegations in paragraph 15 of the Complaint.

16.     Defendant Nurse Barbara Furco admits the allegations in paragraph 16 of the Complaint.

17.     Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 17 of the Complaint.

18.     Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 18 of the Complaint.

19.     The allegations of paragraph 19 of the Complaint express a legal conclusion which Defendants respectfully refer to the Court for determination.

## AS TO NOTICE OF INTENT TO SUE

20.     Defendants admit the allegations in paragraph 20 of the Complaint.

## AS TO CERTIFICATE OF MERIT

21.     Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 21 of the Complaint, but deny that C.P.L.R. § 3012-a applies to this case.

## AS TO JOINT LIABILITY

22.     Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 22 of the Complaint, but deny that C.P.L.R. § 1602 applies to this case.

## AS TO EXHAUSTION OF REMEDIES

23.     Defendants admit the allegations in paragraph 23 of the Complaint.

24.     Defendants admit the allegations in paragraph 24 of the Complaint, except that C. Papo was Acting Superintendent of Beacon C.F., not Bedford Hills C.F.

25.     Defendants admit the allegations in paragraph 25 of the Complaint to the extent that they are consistent with DOCS' records.

26.     Defendants admit the allegations in paragraph 26 of the Complaint.

## AS TO THE FACTUAL ALLEGATIONS

27.     Defendants admit the allegations in paragraph 27 of the Complaint.

### Allegations That Defendants Dunbar, Ferco and John Doe Medical Providers at Beacon Failed to Properly Evaluate Ms. King's Ankle

28.     Defendants lack knowledge or information sufficient to form a belief as to all specifics concerning the allegations in paragraph 28 of the Complaint, generally denying that Plaintiff's medical needs were neglected by Defendants.

29.     Defendants lack knowledge or information sufficient to form a belief as to all specifics concerning the allegations in paragraph 29 of the Complaint, generally denying that Plaintiff's medical needs were neglected by Defendants.

30.     Defendants lack knowledge or information sufficient to form a belief as to all specifics concerning the allegations in paragraph 30 of the Complaint, generally denying that

5

Plaintiff's medical needs were neglected by Defendants.

31.    As to the allegations of paragraph 31 of the Complaint, which are vague as to time, Defendants generally deny that Plaintiff's medical needs were neglected by Defendants.

32.    Defendants Dunbar and Furco deny the allegations in paragraph 32 of the Complaint.

33.    Defendants deny the allegations in paragraph 33 of the Complaint, except to admit that Plaintiff was x-rayed on November 22, 2006, at Fishkill Correctional Facility.

34.    Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 34 of the Complaint.

## Allegations That Defendant Murphy Failed to Properly Treat Ms. King's Ankle

35.    Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 35 of the Complaint, except to admit that Plaintiff was transported to Putnam Hospital Center on November 22, 2006.

36.    Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 36.

## Allegations That Defendants Dunbar, Ferco and "John Doe" medical providers #1-5 at Beacon and Defendant Holder Failed to Properly Treat Ms. King's Ankle

37.    Defendants Dunbar and Furco deny the allegations in paragraph 37 of the Complaint.

38.    As to the allegations of paragraph 38 of the Complaint, which are vague as to time, Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 38 of the Complaint, and otherwise deny that Plaintiff's medical needs were

6

neglected by Defendants.

39.     Defendant Holder admits the allegations in paragraph 39 of the Complaint, except that he examined Plaintiff on or about November 28, 2006, not 2007.

40.     Defendant Holder denies the allegations in paragraph 40 of the Complaint, and generally denies that Plaintiff's medical needs were neglected by Defendant Holder.

41.     Defendant Holder admits the allegations in paragraph 41 of the Complaint, to the extent that he examined Plaintiff on or about January 4, 2007 at Bedford Hills C.F.

42.     Defendant Holder denies the allegations in paragraph 42 of the Complaint, and generally denies that Plaintiff's medical needs were neglected by Defendant Holder.

43.     Defendant Holder denies the allegations in paragraph 43 of the Complaint, and generally denies that Plaintiff's medical needs were neglected by Defendant Holder.

44.     Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 44 of the Complaint.

45.     Defendant Holder admits the allegations in paragraph 45 of the Complaint.

46.     Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 46 of the Complaint, except to admit that an x-ray was taken of Plaintiff on January 24, 2007.

47.     Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 47 of the Complaint.

48.     Defendant Holder admits the allegations in paragraph 48 of the Complaint to the extent that some irritation of the joint due to an ankle fracture is not unusual.

49.     Defendants lack knowledge or information sufficient to form a belief as to the

7

allegations in paragraph 49 of the Complaint.

50.    Defendant Holder denies the allegations in paragraph 50 of the Complaint.

51.    Defendant Holder admits the allegations in paragraph 51 of the Complaint, except that he did not refer Plaintiff for an MRI.

52.    Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 52 of the Complaint.

53.    Defendants deny the allegations in paragraph 53 of the Complaint.

54.    Defendants admit the allegations in paragraph 54 of the Complaint to the extent that Plaintiff was diagnosed with tarsal tunnel syndrome secondary to trauma by a physician at Albion Correctional Facility.

55.    Defendants lack knowledge or information sufficient to form a belief as to all specifics concerning the allegations in paragraph 55 of the Complaint, generally denying that Plaintiff's medical needs were neglected by Defendants.

56.    Defendants lack knowledge or information sufficient to form a belief as to all specifics concerning the allegations in paragraph 56 of the Complaint, generally denying that Plaintiff's medical needs were neglected by Defendants.

57.    Defendants lack knowledge or information sufficient to form a belief as to all specifics concerning the allegations in paragraph 57 of the Complaint, generally denying that Plaintiff's medical needs were neglected by Defendants.

58.    Defendants deny the allegations in paragraph 58 of the Complaint.

59.    As to the allegations in paragraph 59 of the Complaint, Defendants acknowledge their respective roles, but generally deny that Plaintiff's medical needs were neglected by

Defendants.

60.     Defendants deny the allegations in paragraph 60 of the Complaint.

## AS TO DAMAGES

61.     Defendants deny the allegations in paragraph 61 of the Complaint.

## AS TO THE FIRST CAUSE OF ACTION

62.     With respect to the allegations in paragraph 62 of the Complaint, Defendants refer to the responses given to paragraphs 1 through 61 above.

63.     Defendants Dunbar, Furco, and Holder deny the allegations in paragraph 63 of the Complaint.

64.     Defendants deny the allegations in paragraph 64 of the Complaint.

## AS TO THE SECOND CAUSE OF ACTION

65.     With respect to the allegations in paragraph 65 of the Complaint, Defendants refer to the responses given to paragraphs 1 through 64 above.

66.     Defendants Dunbar, Furco, and Holder deny the allegations in paragraph 66 of the Complaint.

67.     Defendants Dunbar and Furco deny the allegations in paragraph 67 of the Complaint.

68.     Defendants Dunbar, Furco, and Holder deny the allegations in paragraph 68 of the Complaint.

69.     Defendants deny the allegations in paragraph 69 of the Complaint.

70.     Defendants deny the allegations in paragraph 70 of the Complaint.

71.     Defendants deny the allegations in paragraph 71 of the Complaint.

72.     Defendants deny the allegations in paragraph 72 of the Complaint.

## AS TO THE THIRD CAUSE OF ACTION

73.    As to the allegations in paragraph 73 of the Complaint, Defendants deny that the medical needs of Plaintiff were neglected by Defendants.

74.    As to the allegations in paragraph 74 of the Complaint, Defendants deny that the medical needs of Plaintiff were neglected by Defendants.

75.    As to the allegations in paragraph 73 of the Complaint, Defendants Dunbar, Furco, and Holder deny that the medical needs of Plaintiff were neglected by Defendants.

76.    As to the allegations in paragraph 73 of the Complaint, Defendants Dunbar, Furco, and Holder deny that the medical needs of Plaintiff were neglected by Defendants.

77.    Defendants deny the allegations in paragraph 77 of the Complaint.

78.    Defendants deny the allegations in paragraph 78 of the Complaint.

79.    Defendants deny the allegations in paragraph 79 of the Complaint.

## AS TO THE FOURTH CAUSE OF ACTION

80.    With respect to the allegations in paragraph 80 of the Complaint, Defendants refer to the responses given to paragraphs 1 through 79 above.

81.    Defendants Dunbar, Furco, and Holder deny the allegations in paragraph 81 of the Complaint.

82.    Defendants deny the allegations in paragraph 82 of the Complaint.

## AS TO THE FIFTH CAUSE OF ACTION

83.    With respect to the allegations in paragraph 83 of the Complaint, Defendants refer to the responses given to paragraphs 1 through 82 above.

84.    As to the allegations in paragraph 84 of the Complaint, Defendants deny that

Plaintiff's medical needs were neglected by Defendants.

85.    Defendants deny the allegations in paragraph 85 of the Complaint.

86.    Defendants deny the allegations in paragraph 86 of the Complaint.

87.    Defendants deny the allegations in paragraph 87 of the Complaint.

## AS TO THE SIXTH CAUSE OF ACTION

88.    With respect to the allegations in paragraph 88 of the Complaint, Defendants refer to the responses given to paragraphs 1 through 87 above.

89.    Defendants deny the allegations in paragraph 89 of the Complaint.

90.    Defendants Wright, Goord, and Fischer deny the allegations in paragraph 90 of the Complaint.

91.    Defendants Wright, Goord, and Fischer deny the allegations in paragraph 91 of the Complaint.

92.    Defendants Wright, Goord, and Fischer deny the allegations in paragraph 92 of the Complaint.

## AS TO THE SEVENTH CAUSE OF ACTION

93.    With respect to the allegations in paragraph 93 of the Complaint, Defendants refer to the responses given to paragraphs 1 through 92 above.

94.    Defendants deny the allegations in paragraph 94 of the Complaint, in the interchange between DOCS as a provider and the outside medical providers.

95.    Defendants deny the allegations in paragraph 95 of the Complaint, in the interchange between DOCS as a provider and the outside medical providers.

96.    Defendants deny the allegations in paragraph 96 of the Complaint, in the interchange

between DOCS as a provider and the outside medical providers.

97.     Defendants deny the allegations in paragraph 97 of the Complaint, in the interchange between DOCS as a provider and the outside medical providers.

## AS TO THE WHEREFORE CLAUSE

98.     With respect to the "Wherefore" clause of the Complaint, no response is required.  To the extent that a response is required, Defendants deny that Plaintiff is entitled to any relief.

## DEFENSES

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

99.     The Complaint fails to state a claim upon which relief may be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

100.     Plaintiff's state law claims of medical malpractice, constitutional tort, negligence, and negligent hiring and retention fail, in whole or in part, because such claims are not cognizable under 42 U.S.C. § 1983.  To the extent that these claims are cognizable, Defendants contend that, once federal constitutional claims are dismissed, the Court, under 28 U.S.C. § 1367(c)(3), has discretion to decline to exercise supplemental jurisdiction over any remaining state law claims.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

101.     Plaintiff's first, second, third, fourth, fifth, and seventh causes of action should be dismissed as against Defendants Goord, Wright, and Fischer because the Complaint fails to allege personal involvement by these defendants.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

102.     Plaintiff's sixth and seventh causes of action should be dismissed as against

12

Defendants Dunbar, Furco, and Holder because the Complaint fails to allege personal involvement by these defendants in their own alleged negligent hiring and retention or of defendant Putnam Hospital Center's alleged negligent retention and hiring of defendant RPA-C Gail Murphy.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

103.    To the extent that Plaintiff is unsuccessful, in whole or in part, in litigating factual issues, or mixed questions of fact and law, in her corresponding Court of Claims action, Plaintiff would be collaterally estopped from relitigating those same factual issues, or mixed questions of fact and law, in the Complaint before this Court.

104.    To the extent that Plaintiff is successful, in whole or in part, in recovering any damages or attorney's fees in her corresponding Court of Claims action, any damages or attorney's fees recovered would offset any damages or attorney's fees that may be provided to the Plaintiff through the Complaint before this Court.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

105.    To the extent that Plaintiff is successful, in whole or in part, in recovering any damages or attorney's fees through judgment or at trial against defendants RPA-C Gail Murphy or Putnam Hospital Center, or the "John Doe" Medical Providers, any damages or attorney's fees recovered would offset any damages or attorney's fees that may be provided to the Plaintiff through the Complaint before this Court.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

106.    Plaintiff's negligence, and other state law, claims fail pursuant to the statutory immunity provided as to such claims against DOCS personnel, and DOCS consultants or contracted health care providers, under N.Y. CORR. LAW §§ 24 & 24-a, and in any event, this Court should

decline to exercise jurisdiction over any state law claims once federal constitutional claims are dismissed, pursuant to 28 U.S.C. § 1367(c)(3).

## AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

107.    Plaintiff's claims against the Defendants are barred, in whole or in part, by the doctrine of qualified immunity.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

108.    Plaintiff's claims against the Defendants fail in that her injuries were largely attributable to her own culpable conduct.

## JURY DEMAND

109.    Defendants demand a jury trial of all issues appropriate for jury determination.

WHEREFORE, Plaintiff's Complaint should be dismissed with prejudice, and the Defendants should be awarded their costs, together with such other and further relief which this Court deems just and proper.

Dated:  New York, New York
          August 1, 2008

                                              ANDREW M. CUOMO
                                              Attorney General of the
                                               State of New York
                                              Attorney for Defendants

                                      By:  s/ Frederick Wen
                                              FREDERICK H. WEN (FW-7588)
                                              Assistant Attorney General
                                              120 Broadway
                                              New York, New York 10271
                                              212-416-6536
                                              212-416-6075/6076/6009 (fax)

15

## DECLARATION OF SERVICE

FREDERICK H. WEN, pursuant to 28 U.S.C. § 1746, declares under penalty of perjury as follows:  that on August 1, 2008, he served the annexed Answer to Complaint by having it electronically mailed to counsel for the plaintiff via ECF, with a courtesy copy sent via the United States Postal Service, at the following addresses:

> Cynthia Helen Conti-Cook, Esq.
> Stoll, Glickman & Bellina, LLP
> 71 Nevins Street
> Brooklyn, NY 11217
> cynthiaconticook@gmail.com

and by having it electronically mailed to counsel for defendant RPA-C Gail Murphy, with a courtesy copy sent via the United States Postal Service, to the following addresses:

> Jon David Lichtenstein, Esq.
> Gordon & Silber, P.C
> 355 Lexington Avenue
> New York, NY 10017
> jlichtenstein@gordon-silber.com

and by having it electronically mailed to counsel for defendant Putnam Hospital Center, witha courtesy copy sent via the United States Postal Service, to the following addresses:

> Robert D. Ryan, Esq.
> Rende, Ryan & Downes, LLP
> 202 Mamaroneck Avenue
> White Plains, NY 10601
> Rryan@rrd-law.com

> s/ Frederick Wen
> FREDERICK H. WEN (FW-7588)
> Assistant Attorney General
> 120 Broadway
> New York, New York 10271
> (212) 416-6536
> Fred.Wen@oag.state.ny.us

Executed on August 1, 2008